IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| David Banks,<br><br>Plaintiff,<br><br>v.<br><br>Phillip A. Hall; Bert Lilly; Michael Melton; and L. Bauer,<br><br>Defendants. | C/A No. 0:17-3191-JFA<br><br>**ORDER** |

I.  **INTRODUCTION**

David Banks ("Plaintiff"), proceeding *pro se*,[1] filed this civil action on November 27, 2017 against Defendants Phillip A. Hall, Bert Lilly, Michael Melton, and L. Bauer ("Defendants") pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this case was referred to a Magistrate Judge for Review. (ECF No. 8 at 1). Thereafter, Defendants filed a motion for summary judgment ("Motion") (ECF No. 36) and Plaintiff filed a Response (ECF No. 39).

The Magistrate Judge assigned to this action[2] prepared a thorough Report and Recommendation ("Report") and opines that Defendants' Motion should be granted and Plaintiff's

---

[1] "*Pro se* complaints and pleadings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers." *Ally v. Yadkin Cty. Sheriff Dept.*, 698 F. App'x 141, 142 (4th Cir. 2017) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific

Complaint should be dismissed with prejudice (ECF No. 43 at 12). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. (ECF No. 43). The Magistrate Judge required Plaintiff to file objections by March 19, 2019 (ECF No. 43 at 13) and Plaintiff failed to do so. Accordingly, this matter is ripe for review.

## II. DISCUSSION

A district court is required to conduct only a de novo review of the specific portions of the Magistrate Judge's report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). In the absence of specific objections to portions of the Magistrate Judge's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff did not timely file objections to the Report. The Magistrate Judge allowed Plaintiff ample time to respond to the Report and Plaintiff failed to do so. Without specific objections to the Report, this Court may adopt the Report without explanation.

## III. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report (ECF No. 43).

---

objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

Therefore, Defendants' Motion (ECF No. 36) is granted and Plaintiff's Complaint (ECF No. 1) is dismissed with prejudice.

IT IS SO ORDERED.

July 29, 2019
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge